UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARGYLE BROWN SOLOMON, *et. al.*,

Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE, *et al.*,

Defendants.

Civil Action No. 23-cv-3101 (TSC)

## MEMORANDUM OPINION

*Pro se* Plaintiffs Cargyle Brown Solomon, Dominque Solomon, Ralph Hall, and Anna Hall allege that Allstate Property and Casualty Insurance ("Allstate") and its counsel, Hartel, DeSantis & Murray, LLP and Mark. M. Kodama ("the Hartel Defendants"), wrongfully disclosed Plaintiffs' private information. Compl. at 1, ECF No. 12. Plaintiffs seek $88,000,000 in damages and an injunction barring Defendants from further disclosing their private information. *Id.* at 3, 5–6. Allstate moved to dismiss for lack of jurisdiction and failure to state a claim. Allstate Mot. to Dismiss ("Allstate Mot.") at 1, ECF No. 22. The Hartel Defendants separately moved to dismiss for failure to state a claim. Hartel Defs.' Mot. to Dismiss ("Hartel Mot.") at 1–2, ECF No. 23.

Although the court ordered Plaintiffs to file "a single, combined response" to Defendants' motions, Plaintiffs filed several motions in response. Order at 2, ECF No. 24; *see also* Order at 2, ECF No. 25. Plaintiffs replied to Allstate's Motion, arguing for the first time that Allstate violated provisions of the District of Columbia Code. Resp. to Allstate Mot. at 4–7, ECF No. 26. Two days later, Plaintiffs filed a Notice of Errata attaching their response to the Allstate Motion

Page **1** of **6**

with handwritten additions throughout and explaining that the attached document was their response to both Allstate's and the Hartel Defendants' motions to dismiss. Errata at 1, ECF No. 27. The court will treat the Errata as the operative response to Defendants' motions.[1] Plaintiffs then filed a motion to have counsel for the Hartel Defendants "removed from this case." Mot. to Remove Counsel at 1, ECF No. 29. And after the Hartel Defendants filed their reply in support of the Hartel Motion, Plaintiffs attempted to file a sur-reply, which the court will construe as a motion for leave to file. Leave to File Sur-Reply to Hartel Mot., ECF No. 31. Finally, chambers received a motion for leave to file a sur-reply to the Allstate Motion. Leave to File Sur-Reply to Allstate Mot., on file with chambers.

For the reasons set forth below, the court will GRANT Defendants' motions and DENY Plaintiffs' motions.

## I.    BACKGROUND

Plaintiff Cargyle Brown Solomon sued Allstate in a separate case in the Superior Court of the District of Columbia following a car accident. Hartel Mot. at 1. The Hartel Defendants were counsel for Allstate in the Superior Court action, and State Farm Insurance Company ("State Farm") was a co-defendant. Compl. at Ex. 3. Plaintiffs allege that the Hartel Defendants and Allstate wrongfully distributed Plaintiff Cargyle Brown Solomon's and her family members' private information—including their social security numbers, home and military addresses, phone numbers, income information, and birthdates—to State Farm and its counsel during discovery in the Superior Court action. *Id.* at 1–2.[2] Plaintiffs allege that Defendants "broke the

---

[1] The Hartel Defendants replied to the Errata in support of the Hartel Motion. Hartel Reply, ECF No. 28. Allstate also replied to the Errata in support of the Allstate Motion. Allstate Reply, ECF No. 33.

[2] Plaintiffs here include Plaintiff Cargyle Brown Solomon's son and parents. Compl. at 2, 5.

law when they disclosed our social security number according to Section 7 of the Privacy Act of 1974" and "violated our right to privacy Section 7 of the Privacy Act of 1974 as amended, 5 USC 552 note (Disclosure of Social Security Numbers.)." *Id.* at 2. Plaintiffs also claim that Defendants "retaliated and harassed" them by releasing their private information because Solomon filed the Superior Court action against Allstate. *Id.* at 5. The Complaint seeks money damages and a preliminary injunction to stop Defendants "from disclosing [Plaintiffs'] private information any further." *Id.* at 6.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted). That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quotations omitted).

## III.    ANALYSIS

While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of

Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555–56 (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted).

Here, the Complaint appears to assert a claim under Section 7 of the Privacy Act of 1974.  Compl. at 2.  The Privacy Act governs the collection, maintenance, and disclosure of personal information by government agencies, *see* 5 U.S.C. § 552a, and was enacted "to protect the privacy of individuals identified in [federal] information systems."  *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 63 (2024) (alteration in original).  The Privacy Act's focus on *agency* records is key: Plaintiffs cannot pursue a Privacy Act claim against Allstate or the Hartel Defendants because the Privacy Act creates a cause of action only against federal government agencies, not private corporations or individuals.  *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 n.4 (D.C. Cir. 2015).  Because Plaintiffs have not sued a federal government agency, the court will dismiss their Privacy Act claim against the Defendants for failure to state a claim under Rule 12(b)(6).

Plaintiffs also appear to assert claims for harassment and retaliation.  Compl. at 5 (alleging that Defendants "retaliated and harassed" Plaintiffs because Solomon filed the underlying Superior Court action against Allstate).  These terms describe claims that often arise in the employment context, but Plaintiffs have not identified a cause of action for their general allegations that Defendants released their private information to harass or retaliate against them.  *See, e.g.*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 774 (1998) (Thomas, J., dissenting)

("Popular misconceptions notwithstanding, sexual harassment is not a freestanding federal tort, but a form of employment discrimination."). Even if Plaintiffs could point to a federal, freestanding harassment or retaliation tort, the court simply cannot infer a cause of action arising from the facts here: Plaintiffs' alleged injuries stem from the exchange of discovery in the Superior Court action, during which counsel in that case disclosed unredacted documents in response to Plaintiff Solomon's requests for documents, and copied counsel for other parties. *See* Compl. at 2, Ex. 3. Because the court cannot find that Plaintiff's conclusory allegations of retaliation or harassment satisfy Rule 8's standard, it will grant Allstate and the Hartel Defendant's motions to dismiss for failure to state a claim of harassment or retaliation.

In their response to the motions to dismiss, Plaintiffs argue that their claims arise under D.C. Code sections 28-3852 and 28-3852(a), provisions governing maintenance of personal information and notifications to consumers following data breaches of systems that include personal information. Errata at 4–6. Given that none of the allegations in Plaintiffs' Complaint refer to a data breach—to the contrary, Plaintiffs allege that Defendants intentionally distributed Plaintiffs' personal information, *id.* at 6–7—Plaintiffs cannot "survive a motion to dismiss by asserting new claims for relief in [their] responsive pleadings." *Coll. Sports Council v. Gov't Accountability Off.*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006); *see also Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 173 (D.D.C. 2004) (plaintiffs "cannot reinforce their complaint by creatively recasting and embellishing the allegations of their complaint in their opposition brief").

Because the court must dismiss the Complaint for failure to state a claim on which relief can be granted, Plaintiffs' Motion to Remove Counsel, ECF No. 29, as well as Plaintiff Cargyle Brown Solomon's Motion for CM/ECF Password, ECF No. 14, will be denied as moot. The

court will also deny the motions for Leave to File Sur-Reply to Hartel Motion, ECF No. 31, and Leave to File Sur-Reply to Allstate Motion. The court's Local Rules provide that there will ordinarily be at most three memoranda associated with a motion: "(i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Glass v. Lahood*, 786 F. Supp. 2d 189, 230–31 (D.D.C. 2011), *aff'd*, No. 11-5144, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011). Plaintiffs have not identified any new arguments or issues raised for the first time in Defendants' replies that would justify a departure from the normal rule. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motions to Dismiss, ECF Nos. 22 and 23, and DENY Plaintiffs' Motion to Remove Counsel, ECF No. 29, and Motion for CM/ECF Password, ECF No. 14, as MOOT. The court will DENY Plaintiffs' Motions for Leave to File a Sur-reply to Defendants' Motions to Dismiss, ECF No. 31 and on file with chambers. An Order will accompany this Memorandum Opinion.

Date: September 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge